UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| v. | *   Criminal Action No. 15-cr-10144-ADB |
| LEE YOUNG. | * |

**MEMORANDUM AND ORDER ON MOTIONS FOR COMPASSIONATE RELEASE**

BURROUGHS, D.J.

Currently before the Court are Lee Young's motion and supplemental motion for compassionate release. [ECF Nos. 110, 112]. For the reasons set forth below, the motions are DENIED.

**I.     FACTUAL BACKGROUND**

On September 21, 2016, Mr. Young pleaded guilty to conspiracy to sex traffic a minor, pursuant to the terms of a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement. [ECF No. 85 (plea agreement); ECF No. 93 (guilty plea)]. On December 14, 2016, the Court sentenced him to eight years of incarceration followed by five years of supervised release consistent with the agreed-upon disposition set forth in the plea agreement.[1] [ECF No. 102 (sentencing hearing); ECF No. 103 (judgment); ECF No. 85 (plea agreement)]. Mr. Young is

---

[1] In their plea agreement, the parties jointly recommended a term of incarceration between eighty-four and 121 months. [ECF No. 85 at 3]. The Court imposed a sentence of ninety-six months.

currently incarcerated at F.C.I. Allenwood Medium Devens ("Allenwood").[2] [ECF No. 112 at 2].

Mr. Young, who is thirty-seven years old, is obese, suffers from high blood pressure, and is being tested for sleep apnea. [ECF No. 112 at 2]. He alleges that his medical conditions "place him at heighted risk to succumb fatally to COVID-19 if or when he gets infected by the virus." [Id.]. He acknowledges that there are currently few confirmed COVID-19 cases at Allenwood but asserts that proper precautions, such as social distancing, are not consistently being taken and that the facility has had significant outbreaks in the past. [Id. at 2–3]. Finally, he alleges that because of the COVID-19 pandemic, he and other prisoners are subject to a lockdown and are therefore deprived of programming that would otherwise be available to them (e.g., recreational activities, commissary access, library services, vocational programs, etc.). [Id.].

## II.    PROCEDURAL BACKGROUND

On July 9, 2020, Mr. Young petitioned for compassionate release. [ECF No. 112 at 1]. His request was denied by Allenwood's warden on July 24, 2020. [Id.]. On January 15, 2021, Mr. Young, acting *pro se*, filed a motion for compassionate release. [ECF No. 110]. On March 1, 2021, Attorney Krasnoo filed a supplemental motion for compassionate release on his behalf. [ECF No. 112]. The Government opposed his release on March 3, 2021, [ECF No. 113], and filed a supplement today. [ECF No. 114].

---

[2] The parties dispute when Mr. Young will be released, with Mr. Young maintaining that he is awaiting a release date, [ECF No. 112 at 5], and the Government maintaining that Mr. Young is due to be released on March 18, 2021, [ECF No. 114 at 1]. Regardless of Mr. Young's anticipated release date, for the reasons detailed below, the Court finds that Mr. Young has not demonstrated that compassionate release is warranted and will leave the matter of his release date to the Bureau of Prisons.

**III.     DISCUSSION**

Mr. Young seeks release under 18 U.S.C. § 3582(c)(1)(A). [ECF No. 112 at 1]. Previously, incarcerated defendants could seek release under this statute only upon motion of the Bureau of Prisons ("BOP"). The First Step Act of 2018, however, amended that provision to allow prisoners to seek relief directly from the courts once they have exhausted their administrative remedies. Section 3582(c)(1)(A) now provides that

> [t]he Court may not modify a term of imprisonment once it has been imposed except that . . . in any case . . . the [C]ourt, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that . . . (i) *extraordinary and compelling reasons* warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

Section 1B1.13 of the Sentencing Guidelines further explains that the Court may reduce a defendant's sentence if, after considering the factors in 18 U.S.C. § 3553(a), the Court determines that

> (1)(A) extraordinary and compelling reasons warrant the reduction; . . .
> (2) the defendant is not a danger to the safety of any other person or to community, . . . ; and
> (3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

Mr. Young has the burden of proving that he is entitled to relief under 18 U.S.C. § 3582. United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease."). To meet this burden, he must satisfy three requirements. See United States v. Jackson, 468 F.

3

Supp. 3d 59, 62 (D.D.C. 2020). First, he must show that "extraordinary and compelling reasons" warrant the release; second, he must show that release is consistent with the Sentencing Commission's policy, which requires showing that he is not a danger to the safety of any other person or the community; finally, he must show that the sentencing factors in 18 U.S.C. § 3553(a) justify release. Id. The Government concedes that Mr. Young has satisfied his exhaustion requirements, [ECF No. 113 at 7], so the question before the Court is whether he has met his burden under § 3582(c)(1)(A).

### A.  "Extraordinary and Compelling Reasons" Under 18 U.S.C. § 3582(c)(1)(A)

The Sentencing Guidelines recognize that compassionate release due to extraordinary and compelling reasons may be appropriate in cases where, for example, family circumstances or the defendant's age or health make release appropriate. U.S.S.G. § 1B1.13 cmt. n.1(A)–(C). Courts have found that the Sentencing Guidelines set forth a non-exhaustive list and that release may also be warranted under the policy's "catch-all provision [which] allows for compassionate release when 'there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with' the other enumerated reasons." United States v. Guzman-Soto, No. 18-cr-10086, 2020 WL 2104787, at *3 (D. Mass. May 1, 2020) (quoting U.S.S.G. § 1B1.13 cmt. n.1(D)).

Mr. Young argues that the frequent outbreaks of COVID-19 at Allenwood, the inadequate preventative measures being taken there, and his underlying medical conditions, in combination, constitute extraordinary and compelling reasons that warrant his release. [ECF No. 112 at 15]. The Government responds that the BOP is already prioritizing transferring inmates to home confinement in appropriate circumstances, [ECF No. 113 at 6–7]; that the risk of contracting COVID-19 is not an extraordinary and compelling reason that justifies early release,

4

[id. at 7–11]; and that, even if there were extraordinary and compelling reasons, the § 3553(a) factors weigh against granting Mr. Young's motions, [id. at 11–13].[3]

While the Court is cognizant of the dangers of COVID-19, especially for individuals with existing health conditions that make them likelier to suffer serious effects if the virus is contracted, courts around the country have found that, standing alone, risk of contracting COVID-19 does not justify compassionate release. See, e.g., United States v. Brummett, No. 07-cr-00103, 2020 WL 6120457, at *2 (E.D. Ky. Oct. 16, 2020) ("[T]he risk of future illness is not sufficient to justify release."); United States v. Gray, No. 11-cr-20131, 2020 WL 5094710, at *5 (D. Kan. Aug. 28, 2020) ("To be sure, it is regrettable that [the plaintiff] is incarcerated during this pandemic.  It is also regrettable that his health conditions place him at increased risk of serious illness should he contract the virus.  But the court isn't convinced that the combination of those two conditions qualifies him for release.").  Additionally, by Mr. Young's own admission, Allenwood seems to be keeping its inmates safe.  See [ECF No. 112 at 2 (noting that as of February 24, 2021, there was only one confirmed case, and as of February 26, 2021, there were only two confirmed cases)].  That Allenwood has dealt with significant outbreaks in the past, [id. at 3], suggests to the Court that its mitigation efforts have improved over time and that the facility is safer now than it was before.  Further, as Mr. Young acknowledges, the BOP is making great strides in vaccinating inmates.  See [id. at 4–5 (noting that as of February 26, 2021, the BOP housed roughly 140,000 inmates and had administered over 56,000 doses of the vaccine)].

---

[3] In it supplement, the Government argues that Mr. Young's motions should be denied as moot because he will be released from Allenwood to a residential reentry center on March 18, 2021 and because he has received the first of two COVID-19 vaccination shots.  [ECF No. 114 at 1–2].

5

Under these circumstances, the Court finds that Mr. Young has failed to meet his burden of demonstrating "extraordinary and compelling reasons" justifying his early release.

**B.      Dangerousness and the § 3553(a) Factors**

Although Mr. Young has failed to meet his initial burden, in the interests of a complete record, the Court will briefly address the other factors.

First, the Court must consider whether Mr. Young is "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).  While Mr. Young's sentence does not arise from a crime of physical violence, such as assault or murder, sex trafficking is violent in the sense that it inflicts permanent damage on its survivors and is undeniably serious.  Additionally, Mr. Young has a substantial criminal history, including convictions for drug trafficking charges. [Presentence Report at 8–18 (outlining criminal history)].  Accordingly, Mr. Young poses some danger to the community.

Second, the Court must "consider[] the factors set forth in section 3553(a)," 18 U.S.C. § 3582(c)(1)(A), including:

> (1)   the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2)   the need for the sentence imposed—
>    (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B)  to afford adequate deterrence to criminal conduct;
>    (C)  to protect the public from further crimes of the defendant; and
>    (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> . . .
> (4)   the kinds of sentence and the sentencing range established [under the applicable Guidelines sections]
> . . . [and]
> (6)   the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

18 U.S.C. § 3553(a).  The Court weighs these factors against the reasons favoring Mr. Young's immediate release.  United States v. Ebbers, 432 F. Supp. 3d 421, 430–31 (S.D.N.Y. 2020) ("[I]n

6

considering the section 3553(a) factors, [the court] should assess whether those factors outweigh the 'extraordinary and compelling reasons' warranting compassionate release, particularly whether compassionate release would undermine the goals of the original sentence.").

Granting Mr. Young's motions would be inconsistent with the purposes of sentencing, including punishment and deterrence. As noted supra, footnote 1, the Court imposed a sentence on the low end of the parties' agreed-upon range, and, given the serious nature of Mr. Young's offense, is unwilling to further shorten his sentence.[4] Moreover, there are undoubtedly hundreds, if not thousands, of incarcerated individuals with health conditions similar to Mr. Young's that place them at high risk of suffering particularly harmful effects if they contract COVID-19. Without more than the threat of COVID-19 and a potential medical issue, the Court will not grant early release to an individual who has been convicted of a serious crime, particularly where prisoners are now being vaccinated and therefore are (or soon will be) largely protected from serious illness, hospitalization, or death should they contract COVID-19.

### IV. CONCLUSION

The Court finds that Mr. Young has failed to meet his burden of demonstrating that compassionate release is justified. Accordingly, his motions, [ECF Nos. 110, 112], are DENIED.

    **SO ORDERED.**

March 5, 2021                                                                    /s/ Allison D. Burroughs
                                                                                ALLISON D. BURROUGHS
                                                                                U.S. DISTRICT JUDGE

---

[4] By Mr. Young's count, he has served sixty-nine out of ninety-six months (i.e., 71.8%). [ECF No. 112 at 25].